**Misc. No. _____**

# United States Court of Appeals
# for the Federal Circuit

IN RE INTERNATIONAL BUSINESS MACHINES CORP.,

*Petitioner.*

On Petition for a Writ of Mandamus to the
United States Patent and Trademark Office, Patent Trial and Appeal Board
In Case Nos. IPR2014-00672 and IPR2014-00673

**PETITION FOR WRIT OF MANDAMUS**

Kenneth R. Adamo
Eugene Goryunov
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000

*Attorneys for Petitioner International
Business Machines Corp.*

January 22, 2015

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 21(a)(2) and 47.4(a)(1), lead counsel for Petitioner certifies the following:

1.     The full name of every party represented by me is: International Business Machines Corporation.

2.     There are no other real parties in interest represented by me.

3.     There are no parent corporations or any publicly held companies that own 10 percent or more of the stock of International Business Machines Corporation.

4.     The names of all law firms and attorneys that appeared for International Business Machines Corporation in the United States Patent and Trademark Office or are expected to appear in this court are:

KIRKLAND & ELLIS LLP: Kenneth R. Adamo, Brent P. Ray, Joel R. Merkin, Eugene Goryunov, and Alicia L. Shah

| Date: January 22, 2015 | /s/ *Kenneth R. Adamo* <br> Kenneth R. Adamo |
|---|---|

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................1

RELIEF SOUGHT ................................................................................................1

ISSUE PRESENTED .............................................................................................2

STATEMENT OF FACTS .....................................................................................2

JURISDICTIONAL STATEMENT .........................................................................4

STANDARD OF REVIEW ....................................................................................4

REASONS FOR GRANTING THE WRIT REQUESTED .......................................5

    I.     IBM, And All Parties Appearing Before The USPTO, Have A "Clear And Indisputable" Right To Be Treated Equally. ....................5

    II.    A Writ of Mandamus Is The Only Means Of Obtaining Relief From The Inconsistent Application Of USPTO Rules By PTAB Panels And Is Appropriate Under These Circumstances. ...................16

CONCLUSION ....................................................................................................18

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Cheney v. U.S. Dist. Court for the Dist. of Columbia*,
  542 U.S. 367 (2004) ...............................................................................5

*Cook v. Dann*,
  522 F.2d 1276 (C.C.P.A. 1975) ..............................................................5

*In re Dominion Dealer Solutions, LLC*,
  749 F.3d 1379 (Fed. Cir. 2014) .............................................................5

*In re Princo Corp*,
  478 F.3d 1345 (Fed. Cir. 2007) .............................................................4

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) .............................................................4

*James B. Beam Distilling Co. v. Georgia*,
  501 U.S. 529 (1991) ......................................................................... 6, 16

*Lighting Ballast Control LLC v. Philips Elec. N. Am. Corp.*,
  744 F.3d 1272 (Fed. Cir. 2014) ...........................................................18

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
  76 F.3d 1178 (Fed. Cir. 1996) .............................................................18

*Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*,
  No. 13-854, 2015 WL 232131 (U.S. Jan. 20, 2015) ...........................18

*Weil v. Dann*,
  503 F.2d 562 (C.C.P.A. 1974) ...............................................................5

## STATUTES

28 U.S.C. § 1295 ...................................................................................... 4, 19

28 U.S.C. § 1651 .............................................................................................4

35 U.S.C. § 312(a)(3)(B) .............................................................................2, 6

35 U.S.C. § 314(d) .......................................................................................17

## OTHER AUTHORITIES

BLACK'S LAW DICTIONARY ...............................................................................14

## **TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

## **RULES**

37 C.F.R. § 42.104(b) ............................................................. 7, 13, 15, 16

37 C.F.R. § 42.22(a)(2) ..................................................................... 7, 15

37 C.F.R. § 42.6(a)(3) ...........................................................................15

37 C.F.R. § 42.71 ..................................................................................17

## **REGULATIONS**

Office Patent Trial Practice Guide,
   77 Fed. Reg. 48,763 (Aug. 14, 2012) ....................................................7

# INTRODUCTION

Petitioners requesting *inter partes* review before the U.S. Patent and Trademark Office ("USPTO") and its Patent Trial and Appeal Board ("PTAB") are currently subject to capricious treatment depending on the merits panel assigned to their case. There is no consistency across merits panels—and sometimes even within a merits panel—as to how and when they may consider expert declarations filed in support of a petition. As a result, not all petitioners are being treated equally when a PTAB merits panel decides whether or not to institute an *inter partes* review trial. Since the institution decision is non-appealable, the **only** relief available to rectify this unequal treatment is a writ of mandamus instructing the USPTO to issue standards regarding the review of petitions and their supporting evidence, including particularly expert declarations.

# RELIEF SOUGHT

IBM requests that this Court issue a writ of mandamus instructing the USPTO, acting through its Director and its PTAB, to: (1) establish a written, clear, binding, and definitive/particularized standard for evaluating petitions requesting *inter partes* review, including all supporting evidence, that specifically states that arguments identified in the petition and fully articulated in a supporting expert's declaration must be considered in view of the totality of the record; and (2)

reevaluate the petitions in IPR2014-00672 and IPR2014-00673, including all evidence cited in support of those petitions, in light of this standard.

## ISSUE PRESENTED

Whether the USPTO, acting through its Director and its PTAB, has abused its discretion by failing to ensure that all PTAB merits panels apply one consistent standard for considering affidavits or declarations submitted in support of a petition requesting *inter partes* review, as specifically authorized under 35 U.S.C. § 312(a)(3)(B)?

## STATEMENT OF FACTS

In April 2014, IBM filed petitions IPR2014-00672 and IPR2014-00673 (collectively, "IPR2014-00672/673") requesting *inter partes* review of the majority of the claims of U.S. Patent No. 6,314,409. (A56; A163.) IBM presented two grounds on which the challenged claims in both petitions might be found invalid and further submitted declarations from Mr. William Rosenblatt in support of its petitions. (A59; A61; A167; A169.)

The same PTAB merits panel decided both petitions and declined to institute an *inter partes* review trial on any of the challenged claims in either petition. (A120-21; A227-28.) The PTAB merits panel acknowledged that IBM had submitted declarations from Mr. Rosenblatt in support of its petitions. (A126; A234.) When the PTAB merits panel stated what limitations were allegedly not

found in the cited art, however, it never acknowledged any of the evidence presented in Mr. Rosenblatt's declarations.  (A128-32 (never noting Ex. 1001, the declaration); A236-39 (never noting Ex. 1001); A240-44 (noting but not discussing Ex. 1001).)

IBM filed requests for rehearing of both petitions because the PTAB merits panel appeared to have overlooked or misapprehended evidence that was presented in IBM's petitions and supporting evidence, most particularly in Mr. Rosenblatt's declaration.  (A137; A249.)  IBM also requested that its rehearing requests be heard by an expanded panel of the PTAB so that it could "address conflicting decisions by different merits panels on the proper scope of review and weight given to supporting evidence, including expert declarations." (*Id.*)

On December 23, 2014, the PTAB merits panel denied both of IBM's requests for rehearing on the merits and for an expanded panel.  (A151; A268.) The PTAB merits panel stated that it had not overlooked the evidence in Mr. Rosenblatt's declarations, as IBM contended, but rather declined to allegedly "incorporate the arguments and explanations from the cited paragraphs" of the declarations into the petitions.  (A155; *see also* A271-72.)  The PTAB merits panel thus decided it had not abused its discretion in declining to institute an *inter partes* review trial on any challenged claim in the two petitions.  (A155; A271-72.)  The PTAB merits panel further stated it did not have the authority to convene an

3

expanded panel "to address the proper scope of review and the weight given to supporting evidence." (A155-56; A273.) The PTAB merits panel noted that its decision "is bound to the specific facts of this case" but "is consistent with the application of these rules in the expanded panel decision in *Cisco Systems, Inc. v. C-Cation Technologies, LLC*, Case IPR2014-00454 (PTAB Aug 29, 2014) (Paper 12)." (A156; A273-74.)

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this petition for a writ of mandamus to the USPTO pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 1295. *In re Princo Corp*, 478 F.3d 1345, 1351-52 (Fed. Cir. 2007).

## STANDARD OF REVIEW

"The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1318 (Fed. Cir. 2008). A writ of mandamus is also available to confine the power of an agency, such as the USPTO and its PTAB, to its lawful limits. *See, e.g., In re Dominion Dealer Solutions, LLC*, 749 F.3d 1379, 1380-81 (Fed. Cir. 2014) (considering whether to issue writ of mandamus against USPTO); *Cook v. Dann*, 522 F.2d 1276, 1276 (C.C.P.A. 1975) (rejecting USPTO's challenge to the court's jurisdiction to issue a writ against it); *Weil v. Dann*, 503

F.2d 562, 563 (C.C.P.A. 1974) ("[w]e have jurisdiction to issue a writ of mandamus" to the USPTO.)

Three conditions must be met before a writ of mandamus issues: (1) the petitioner must not have another adequate means of obtaining the relief requested; (2) the petitioner must demonstrate a "clear and indisputable" right to relief; and (3) this Court is satisfied, "in the exercise of its discretion," that the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380-81 (2004).

## REASONS FOR GRANTING THE WRIT REQUESTED

## I.    IBM, AND ALL PARTIES APPEARING BEFORE THE USPTO, HAVE A "CLEAR AND INDISPUTABLE" RIGHT TO BE TREATED EQUALLY.

It cannot be disputed that "similarly situated litigants should be treated the same." *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 540 (1991). Indeed, this is "a fundamental component of . . . the rule of law generally." *Id.* at 537. Petitioners requesting *inter partes* review by the USPTO are ***not*** all being treated the same, however, as PTAB merits panels diverge widely on whether they will consider arguments fully articulated in an expert affidavit or declaration in making their decision regarding institution of an *inter partes* review.

A petition requesting *inter partes* review of a patent must identify, "in writing and with particularity, each claim challenged, the grounds on which the challenge to each claim is based, and the evidence that supports the grounds for the

challenge to each claim, including ... (B) affidavits or declarations of supporting evidence and opinions, if the petitioner relies on expert opinions." 35 U.S.C. § 312(a)(3)(B). The USPTO expanded upon this statutory requirement by issuing a rule requiring that the petition include "the exhibit number of the supporting evidence relied upon to support the challenge and the relevance of the evidence to the challenge raised, including identifying specific portions of the evidence that support the challenge." 37 C.F.R. § 42.104(b)(5); *see also* 37 C.F.R. § 42.22(a)(2) ("Each petition ... must include: ... (2) [a] full statement of the reasons for the relief requested, including a detailed explanation of the significance of the evidence including material facts, and the governing law, rules, and precedent."). The USPTO has stated that it "expects that most petitions ... will rely upon affidavits of experts." Office Patent Trial Practice Guide, 77 Fed. Reg. 48,763 (Aug. 14, 2012).

The actual application of these rules regarding expert declarations has varied substantially across PTAB merits panels in the face of no clear guidance from the USPTO as to what it means to identify "the relevance of the evidence to the challenge raised, including identifying specific portions of the evidence that support the challenge." *See* 37 C.F.R. § 42.104(b)(5). To illustrate this inconsistency, below is a comparison of the petitions in IPR2014-00672/673 to the petition in IPR2014-00180. The way in which the expert declaration was cited within the petitions' claim charts was identical in all three cases, but in two the

PTAB merits panel refused to consider the expert declaration, while in the other the PTAB merits panel specifically relied upon the expert declaration to make its institution decision.

In IPR2014-00180, the claim charts in the petition, which explain the specific grounds on which the challenged claims should be found invalid, followed a specific format: first appeared the claim element, then a statement that the prior art reference discloses the claim element, followed by quotations and/or figures from the prior art reference and a citation to the expert declaration in support of the claim element. Below is the claim chart for Ground 1, Claim 1, Element [a] in IPR2014-00180, as an example:



[a] a memory unit for storing and loading data, the memory unit including

Matsuzaki discloses a memory unit (e.g., memory input/output unit 30 with memory 40) for storing and loading data.

(Ex. 1008 at excerpt of Fig. 1.)

"The memory 40 temporarily stores integers on which multi-word arithmetic is performed by the multi-word arithmetic device 100, and intermediate data and calculation results generated by this calculation process. The memory 40. . . is connected to the memory input/output unit 30 via four data buses 65 to 68 and four address buses 71 to 74." (Ex. 1008 at 8:8–25.)

"The memory input/output unit 30 is an interface circuit performing data transfer between the arithmetic unit 20 and the memory 40, and between an external device and the memory 40, according to instructions from the control unit 10." (Ex. 1008 at 8:31–35.)

(*See* Ex. 1001, Koc Decl., ¶¶ 83–85.)

(A302.)  The PTAB merits panel in IPR2014-00180 found this format satisfied the rules and did not constitute "incorporation by reference."  Indeed, the panel in IPR2014-00180 specifically considered the expert declaration in deciding to institute an *inter partes* review trial.  (A357 ("We have considered Petitioner's evidence and arguments, ***including the Declaration of Dr. Koç***, as summarized above." (emphasis added)).)

IBM used substantially the same structure in IPR2014-00672/673 as was used in IPR2014-00180.  Other than the location of the claim language, the claim charts followed the same format: first appeared the claim element, then a statement that the prior art reference discloses the claim element, followed by quotations and/or figures from the prior art reference and a citation to the expert declaration in support of the claim element.  Below is the claim chart for Ground 1, Claim 1, Element [a] in IPR2014-00672, as an example:

| [a] protecting portions of the data; and | Digibox discloses protecting (e.g., via encryption) portions of data. |
|---|---|
| |  (Ex. 1008 at 010, Fig. 5, emphasis added to parts showing encrypted data portions.) "[T]he data blocks may be wholly or partly encrypted, or not at all, depending on security requirements." (Ex. 1008 at 009.) (*See* Ex. 1001 ¶¶ 71-72.) |

(A66; *see also* A176 (example from IPR2014-00673.) Despite being in substantially the same structure as IPR2014-00180 and providing the same level of detail, the PTAB merits panel in IPR2014-00672/673 (the same panel considered both petitions) reached the opposite conclusion as the panel in IPR2014-00180, and refused to consider the expert declaration in deciding to deny *inter partes* review. (A128-32 (never noting Ex. 1001, the declaration); A236-39 (never noting Ex. 1001); A240-44 (noting but not discussing Ex. 1001); *see also* A155 and A271-72.)

Not only do different PTAB merits panels apply different standards for when to consider expert declarations, even **identical** PTAB merits panels cannot reach consistent decisions on this issue. In the examples above, different PTAB merits

9

panels considered IPR2014-00180 and IPR2014-00672/673. (*Compare* A342 *with* A120 and A227.) The same PTAB merits panel as decided IPR2014-00672/673 considered IPR2014-00660. (*Compare* A120 and A227 *with* A435.) Again, the claim charts in IPR2014-00660 followed the format of claim element, then a statement that the prior art reference discloses the claim element, followed by quotations and/or figures from the prior art reference and a citation to the expert declaration in support of the claim element. Below is the claim chart for Ground 1, Claim 18, Element [a], as an example:

| | |
|---|---|
| a. at a requesting computer process, generating a data structure containing the data items required for a public key certificate, including a public key, self-signing the data structure and sending the signed data structure as a certificate signature request to a computer process authorized as an issuing certification authority, | Kapidzic discloses, at a requesting computer process (e.g., the Certification Authority that sends the *Certificate Signature Request*), generating a data structure containing the data items required for a public key certificate, including a public key (e.g., the self-signed certificate) self-signing the data structure and sending the signed data structure as a certificate signature request (e.g., the *Certificate Signature Request*) to a computer process authorized as an issuing certification authority (e.g., the parent CA). "Certification starts with the CA's generation of a pair of public and private RSA keys. A self-signed certificate is created from the public key and the CA's DN, and sent to the parent CA in a *Certificate Signature Request*." (Ex. 1007 at 007-008.) (See Ex. 1001, Blaze Decl. at ¶¶ 76-80.) |

(A382.) In deciding to institute an *inter partes* review trial on all of the challenged claims, the PTAB merits panel in IPR2014-00660—the ***same*** PTAB merits panel that refused to consider the expert declaration in IPR2014-00672/673 that was

presented in an *identical* way—expressly relied upon the expert declaration provided in support of the petition.  (A447; A454.)

These comparisons are just two examples of the inconsistent application of the rules by PTAB merits panels.  There are numerous panel decisions on both sides of the issue, some giving full consideration of expert declarations and others giving limited or no consideration.  In *Kamada, Ltd. v. Grifols Therapeutics Inc.*, IPR2014-00899, a PTAB merit panel expressly rejected an argument that the petition improperly incorporated by reference an expert declaration and claim charts, even where the petition itself did not include claim charts.  (A905 (discussing disclosure in petition as found at, *e.g.*, A839-43.)  Other examples of the inconsistent treatment given to expert declarations can be found in the chart below.

| Full Consideration of Supporting Expert Declarations | Limited Consideration of Supporting Expert Declarations |
|---|---|
| *SAP Am., Inc. v. Versata Dev. Grp., Inc.*, CBM2012-00001, Paper 36 (A488-531) | *Monsanto Co. v. Pioneer Hi-Bred Int'l, Inc.*, IPR2013-00022, Paper 43 (A532-540) |
| *Corning Inc. v. DSM IP Assets B.V.*, IPR2013-00053, Paper 13 (A541-566) | *Symantec Corp. v. Rpost Commc'n Ltd.*, IPR2014-00353, Paper 15 (A567-588) |
| *SAP Am. Inc. v. Clouding IP, LLC*, IPR2014-00306, Paper 12 (A589-616) | *Fidelity Nat'l Info. Serv., Inc. v. DataTreasury Corp.*, IPR2014-00491, Paper 9 (A617-627) |

| Full Consideration of Supporting Expert Declarations | Limited Consideration of Supporting Expert Declarations |
|---|---|
| *Apple Inc. v. Virnetx Inc.*, IPR2014-00238, Paper 15 (A628-650) | *Google Inc. and Twitter Inc. v. EveryMD.com LLC*, IPR2014-00347, Paper 9 (A651-687) |
| *Fiserv, Inc. v. DataTreasury Corp.*, CBM2014-00087, Paper 6 (A688-706) | *Cisco Sys., Inc. v. C-Cation Techs, LLC*, IPR2014-00454, Paper 12 (A465-480) |

The PTAB has taken a small step towards addressing this issue by designating its decision denying *inter partes* review in *Cisco Systems, Inc. v. C-Cation Techs., LLC*, IPR2014-00454, Paper 12, as "informative."[1]  (A481.) "Informative opinions and orders are not binding, but illustrate norms of Board decision-making for the public, the patent examining corps, and future Board panels."[2]  (A482; *see also* A486-87.)  In the *Cisco* decision, the PTAB would "not consider arguments that are not made in the Petition, but are instead incorporated by reference to the cited paragraphs and claims charts of" the expert declaration. (A474.)  What the *Cisco* decision fails to do, however, is to identify clearly the difference between (1) when a citation to an expert declaration is an "incorporation

[1]    The USPTO designated the opinion in *Cisco* as "Informative" one day **after** denying IBM's requests for rehearing in IPR2014-00672/673.  (*Compare* A151 and A268 *with* A481.)

[2]    The USPTO also has the authority to designate an opinion precedential, which would "bind subsequent decisions of the Board."  (A482; *see also* A485-86.)  The USPTO has not designated any *inter partes* review opinions as precedential.

by reference," which is not allowable, and (2) when it is an identification/citation of the specific portion of the evidence that supports the challenge and fully articulates an argument also identified in the petition, as is required by 37 C.F.R. § 42.104(b)(5). The panel in *Cisco* made several attempts to explain why it was treating Cisco's citations to the expert declaration as incorporation of the declaration by reference. *First*, within seven pages of argument in the petition, Cisco cited to paragraphs totaling seventeen pages in the expert declaration— "substantially more pages" than were used in the petition. (A471-72). "The practice, here, of using footnotes to cite large portions of another document, without sufficient explanation of those portions, amounts to incorporation by reference." (A472 (citing BLACK'S LAW DICTIONARY).) *Second*, the claim charts in the petitions include citations to further claim charts in the expert declaration. (*Id*.) "The practice, here, of citing to other claim charts in another document also amounts to incorporation by reference." (A472-73.) *Third*, citing the declaration "to support conclusory statements that are not otherwise supported in the Petition also amounts to incorporation by reference." (A473.)

These purportedly "informative" guidelines in *Cisco* are not only non-binding, they are illusory. *First*, they can only be understood in the context of the specific facts of *Cisco* and the way in which citations to the expert declaration were used in that petition. This is made clear by the expanded panel's emphasis

13

that "[t]he practice, *here*, … amounts to incorporation by reference." (A472-73 (emphasis added).) *Second*, most expert declarations are longer than the petitions, and thus more pages will be cited in an expert declaration than are used in a petition. For example, in IPR2014-00180, the arguments in the petition regarding the invalidity of claim 1 based upon the first prior art combination spanned approximately 11 pages, but cited to approximately 20 pages of the expert declaration. (A301-09 (citing to paragraphs 78-120 of expert declaration found at pages A747-66).) Yet the PTAB panel in IPR2014-00180 specifically considered the expert declaration on these issues. (A357.) Thus, it cannot be that merely citing to more pages in the expert declaration than are used in the petition on a particular issue *per se* constitutes impermissible "incorporation by reference." *Third*, there is likely a large difference of opinion as to what constitutes a conclusory statement not otherwise supported in a petition.

The guidelines purportedly outlined in *Cisco* are also illusory because the PTAB has not consistently been applying them across cases heard by different merits panels. The PTAB stated that its decisions in IPR2014-00672/673 refusing to consider the expert declaration are "consistent with the application of" 37 C.F.R. § 42.6(a)(3), 42.22(a)(2), and 42.104(b)(4) in *Cisco*. (A156; *see also* A273-74.) As shown above, however, the petitions in IPR2014-00672/673 are *also* consistent with the petitions in IPR2014-00180 and IPR2014-00660 where the application of

those same rules **permitted** the consideration of an expert declaration. The "informative" but non-binding *Cisco* decision does not provide meaningful guidance to practitioners before the USPTO about the level of detail it is necessary to include in a petition to ensure that expert declarations—evidence that the rules fully contemplate receiving and which the parties spend significant resources preparing—are fully considered by the PTAB merits panels. As a result, petitioners before the USPTO are **not** all being treated in the same manner, currently.

In the absence of any clear, binding, and definitive/particularized standard authority regarding how petitions requesting *inter partes* review are to be considered, specifically with regard to expert declarations submitted in support of those petitions, petitioners such as IBM are left to the whims of the particular merits panel assigned to their petition with virtually no recourse, as explained in Section II below. While PTAB merits panels may have discretion on whether or not to institute an *inter partes* review trial, they cannot use that discretion to treat similarly situated petitioners differently when it is "fundamental" that "litigants in similar situations should be treated the same." *See Beam Distilling*, 501 U.S. at 537. IBM—and all petitioners before the USPTO—have a clear and indisputable right to be treated and heard equally. This will only be achieved when the USPTO issues a written, clear, binding, and definitive/particularized standard for

evaluating petitions requesting *inter partes* review, including all supporting evidence.  That standard should specifically explain that: (1) identifying "the relevance of the evidence to the challenge raised," as required by 37 C.F.R. § 42.104(b)(5), requires only that citations to the evidence, including any expert declaration, be tied to a specific argument identified in the petition; and (2) any argument identified in the petition and fully articulated in a supporting expert's declaration must be considered in view of the totality of the record.  This standard will ensure all petitioners are treated the same, no matter the composition of the PTAB merits panel they appear before.

## II.    A WRIT OF MANDAMUS IS THE ONLY MEANS OF OBTAINING RELIEF FROM THE INCONSISTENT APPLICATION OF USPTO RULES BY PTAB PANELS AND IS APPROPRIATE UNDER THESE CIRCUMSTANCES.

Mandamus is the only means of obtaining relief from the PTAB merits panels' uneven application of the rules governing petitions requesting *inter partes* review because determinations on whether to institute an *inter partes* review trial are "final and nonappealable."  35 U.S.C. § 314(d).  A petitioner's only recourse if its petition is denied is to ask ***the same PTAB merits panel*** to reconsider its decision under an abuse of discretion standard, demonstrating the merits panel either misapprehended or overlooked something.[3]  37 C.F.R. §§ 42.71(c) and (d).  Mandamus is thus the only opportunity this Court will have to address the

---

[3]    Less than 10% of rehearing requests are granted either in part or in full.

USPTO's uneven and unfair application of the laws and rules governing the consideration of petitions requesting *inter partes* review, and in particular the evidence filed in support of those petitions.

Mandamus is also the only way to obtain relief because the USPTO has determined it does not have the authority to expand a PTAB merits panel to resolve conflicting precedent between various merits panels. IBM requested that an expanded panel hear its request for rehearing "to address conflicting decisions by different merits panels on the proper scope of review and weight given to supporting evidence, including expert declarations." (A137; A249.) The PTAB panel found it did not have the authority to expand the merits panel "upon request of a party or otherwise." (A155-56; A273.)

"[O]ne of Congress' primary purposes in creating the Court of Appeals for the Federal Circuit was to bring about uniformity in the area of patent law." *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1181 (Fed. Cir. 1996); *see also Lighting Ballast Control LLC v. Philips Elec. N. Am. Corp.*, 744 F.3d 1272, 1282 (Fed. Cir. 2014), *abrogated on different grounds by Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, No. 13-854, 2015 WL 232131 (U.S. Jan. 20, 2015). With the implementation of the America Invents Act and the new *inter partes* review procedure, this Court has a new area in which to insure that the

patent laws are applied uniformly.  *See* 28 U.S.C. § 1295(a)(4)(A) (resting exclusive jurisdiction of an appeal from an *inter partes* review in this Court).

This Court should exercise its discretion and issue the requested writ not just to ensure that all litigants are treated the same when appearing before the USPTO, but also to further its purpose of bringing uniformity to patent law.  Without the writ, various PTAB merits panels will continue to issue opinions that apply the patent rules inconsistently, and litigants before the merits panels will have no certainty as to what is required to have their case heard.

## CONCLUSION

Currently, PTAB merits panels are not treating all petitioners requesting *inter partes* review the same with regard to the consideration of their petitions, despite all petitioners having a clear and indisputable right to equal treatment.  The only way to halt this unfair treatment is to have this Court issue a writ of mandamus instructing the USPTO to issue a a written, clear, binding, and definitive/particularized standard for all of the PTAB merits panels to follow for considering petitions requesting *inter partes* review, including all evidence submitted in support thereof.

This Court should issue such a writ and further instruct the USPTO to reconsider the petitions in IPR2014-00672 and IPR2014-00673 in light of the new standard when issued.

January 22, 2015                              Respectfully submitted,

                                             */s/ Kenneth R. Adamo*
                                             Kenneth R. Adamo
                                             Eugene Goryunov
                                             KIRKLAND & ELLIS LLP
                                             300 North LaSalle Street
                                             Chicago, Illinois  60654
                                             Telephone: (312) 862-2000

                                             *Attorneys for Petitioner International*
                                             *Business Machines Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 22, 2015, two bound copies of the foregoing Petition for Writ of Mandamus were served via U.S. Mail on the following counsel of record:

Lori A. Gordon
Omar Amin
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, N.W., Suite 600
Washington DC 20005-3934
Phone: 202-371-2600
Fax: 202-371-2540

Nathan K. Kelley
Solicitor
U.S. PATENT AND TRADEMARK OFFICE
Mail Stop 8
P.O. Box 1450
Alexandria, VA 22313-0373
Phone: 571-272-9035
Fax: 571-273-0373

I also certify that, on January 22, 2015, the required bound hard copies and one electronic file of the foregoing Petition for Writ of Mandamus were filed, by hand delivery, in the Office of the Clerk, United States Court of Appeals for the Federal Circuit.

*/s/ Kenneth R. Adamo*
Kenneth R. Adamo